**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELY IRAHETA-DE PEREZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74067<br><br>Agency No. A094-803-552<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015 [**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Aracely Iraheta-De Perez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Perez failed to establish the harm she suffered or feared was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015-1016 (9th Cir. 2010); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We lack jurisdiction to consider Perez's argument as to family as a social group because she did not raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below). Thus, Perez's asylum and withholding of removal claims fails. *See Zetino*, 622 F.3d at 1015-1016.

Substantial evidence also supports the BIA's denial of CAT relief because Perez failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

13-74067

Finally, we deny Perez's request for "maintenance" of the stay of removal during pendency of the proceedings because there is no stay in effect.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.